UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11456-RGS

NATHANIEL GAITHER

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER

May 6, 2013

STEARNS, D.J.

For the reasons stated below, the court dismisses some claims and orders that summons issue.

## BACKGROUND

Plaintiff Nathaniel Gaither, who is incarcerated at FCI Estill in Estill, South Carolina, brings this action under the Federal Tort Claims Act[1] ("FTCA"). In a memorandum and order dated December 21, 2013 (#10), the court granted the plaintiff's motion for leave to proceed in forma pauperis, and, screening the complaint and the first amended complaint, dismissed some claims. The court held that many of the claims Gaither asserted were barred by the doctrine of res judicata because they had been decided against him in Gaither v. United States, C.A. No. 11-00953 (D.S.C.). The court also explained that, under the FTCA, Gaither could only bring claims for which he had exhausted his administrative remedies by filing a timely administrative complaint with the appropriate agency. Because it was unclear from the original and first amended complaint whether the claims Gaither asserted had been raised in an administrative complaint, the court ordered him to file a second amended complaint and limited the scope of the second amended complaint to matters raised in administrative complaints numbers TRT-NER-2012-03857 ("Claim #03857") and TRT-SER-2012-

---

[1] See 28 U.S.C. §§ 1346, 2401(b), and 2671 et seq.

01085 ("Claim #01085").

Now before the court is Gaither's second amended complaint (#13) ("SAC"). Following the court's order, Gaither attached to the SAC the two administrative claims at issue.

I.   Claim #03857

In Claim #03857, received by the government on January 5, 2012, Gaither claims that the government is liable for false imprisonment because it failed to conduct a court-ordered examination of him to determine whether he was competent to stand trial. See SAC, Ex. #3. Although Gaither represents in the administrative claim that the date of the "accident" was December 22, 2011, in the SAC, he alleges that this misconduct occurred in 2001. See SAC at 3.

This administrative claim is essentially duplicative of administrative claim number TRT-BOP-2011-01029, which was at issue in Gaither v. United States, C.A. No. 11-00953 (D.S.C.). See id., Report and Recommendation on Defendant's Motion for Summary Judgment (#70), at 3; see also Order Adopting Report and Recommendation (#75). In this case, the court held that the administrative complaint–submitted in 2010–concerning the government's alleged failure to conduct a competency evaluation in 2001 did not meet the two-year limitations period of the FTCA.[2] See id. at 11-13. The court rejected Gaither's position that the "continuing violation" doctrine delayed accrual because he remained incarcerated as a result of the government's failure to provide the competency examination. The court concluded that because Gaither had not timely filed an administrative claim, it lacked jurisdiction over the action. See id. at 13.

In the present action, Gaither acknowledges the earlier adjudication of this issue, but he argues that the doctrine of res judicata does not bar his claim. He reasons that

---

[2]See 28 U.S.C. § 2401(b).

because the failure to provide him with the competency examination occurred in Massachusetts, the Federal District Court for the District of South Carolina did not have jurisdiction to entertain the action and its judgment is void. See SAC at 1, 4, 6-7.[3]

II.     Claim #01085

In Claim #01085, Gaither alleges that, following a June 24, 2011 visit to a urologist, medical providers at FCI Estill have failed to provide him with adequate medical treatment for interstitial cystitis. Gaither also alleges that, during the transport to and from the medical appointment, the driver would not stop to let him use the bathroom. Gaither also makes a cursory allegation that he has also been suffering from back pain, thyroid disease, feet injuries, and neck pain, and that "nothing has been done" for him. See SAC, Ex. #1 at 2. Finally, Gaither complains that his case manager at FCI Estill refused to change his release address. See id. at 3. The government denied his claim on May 16, 2012. See SAC, Ex. #5.

## DISCUSSION

I.     Claim #03857

Contrary to Gaither's suggestion, the Federal District Court for the District of South Carolina did have jurisdiction to determine the viability of the plaintiff's claim concerning alleged misconduct in Massachusetts. Subject matter jurisdiction existed under 28 U.S.C. § 1331 and 1346(b)(1); venue was proper under 28 U.S.C. § 1402(a)(2) (tort claim against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred" (emphasis added)). Although a court looks to "the law of the place where the act or omission occurred" to determine whether alleged misconduct is actionable under

---

[3] In claim TRT-NER-2012-03857, Gaither acknowledges the earlier action in the Federal District Court for the District of South Carolina. See SAC, Ex. #3 at 3 ("I understand the inadequaties [sic] within the Fourth Circuit District Court, So I chose to further this claim with the United States Court of Federal Claims, or with the 1st Circuit.").

3

the FTCA, 28 U.S.C. § 1346(b)(1); see also Gonzalez Rucci v. U.S. Immigration & Naturalization Serv., 405 F.3d 45, 49 (1st Cir. 2005), the geographic adjudication of the action is not limited to the judicial district in which the alleged misconduct occurred.  A federal district court is competent to apply the law of any state.

As this court explained in its December 20, 2012 memorandum and order, the doctrine of res judicata bars relitigation of Gaither's claim that he has been falsely imprisoned because the government failed to conduct a competency examination of him in 2001.  That the earlier case was dismissed for lack of jurisdiction because the administrative claim was untimely makes no difference for purposes of res judicata, where the jurisdictional defects of the claim are still relevant.  See Underwriters Nat'l Assur. Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 706 (1982) ("This Court has long recognized that '[t]he principles of res judicata apply to questions of jurisdiction as well as to other issues.'" (alteration in original) (quoting American Sur. Co. v. Baldwin, 287 U.S. 156, 166 (1932))); Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000) ("Dismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question.").[4]

Further, any claim that Gaither's current confinement is unlawful must be raised by way of a habeas petition or a motion under 28 U.S.C. § 2255.  See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action].");  see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover

---

[4]Gaither's discussion of 28 U.S.C. § 2676 is inapplicable.  See SAC at 5-8.  This statute applies to a situation where judgment has entered in an FTCA claim and a litigant seeks to bring a civil action concerning "the same subject matter" against "the employee of the government whose act or omission gave rise" to the adjudicated FTCA claim.  28 U.S.C. § 2676.

4

damages for allegedly unconstitutional conviction or imprisonment . . . a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."); Erlin v. United States, 364 F.3d 1127, 1131 (9th Cir. 2004) (applying Heck to claim under the FTCA); Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) (same).[5]

II.     Claim #01085

The court will allow allegations concerning the matters raised in Claim #01085 to go forward.  Because a substantial portion of the SAC concerns claims barred by the doctrine of res judicata, the government will only be required to respond to pages 13-16 of the SAC.  The court acknowledges the misconduct alleged in Claim #01085 occurred in South Carolina.  Upon motion by either party, the court will consider whether transfer of the case to the Federal District Court for the District of South Carolina is appropriate. See 28 U.S.C. § 1404(a).

## CONCLUSION

Accordingly:

(1)     All claims based on Claim #03857 or on any allegations not raised in Claim #01085 are DISMISSED.

(2)     The Clerk shall issue summons and the United States Marshal shall serve a copy of the summons, Second Amended Complaint, and this order upon the defendant as directed by plaintiff with all costs of service to be advanced by the United States.

---

[5] The court notes that Gaither unsuccessfully argued in a motion under 28 U.S.C. § 2255 that he received ineffective assistance of counsel because his attorney encouraged him to waive a mental competency hearing. See Gaither v. United States, C.A. No. 04-00021 (E.D. Tenn.), Memorandum (#18) at 12-13.

(3)     The defendant is required only to respond to pages 13-16 of the Second Amended Complaint.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE
